**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bob L Hanks,<br><br>Plaintiff,<br><br>v.<br><br>Christina Harper, et al.,<br><br>Defendants. | No. CV-19-03174-PHX-DLR<br><br>**ORDER** |

Before the Court are Defendants' motions to strike (Docs. 28, 34, 35, 43) and Plaintiff's motion to amend complaint (Docs. 61, 62, 65, 66, 68, 74-76). For the following reasons, the Court will strike Plaintiff's amended complaint and deny Plaintiff's motion to amend complaint.

**I. Background**

Plaintiff commenced this action pro se[1] on February 8, 2019, by filing a complaint in the Maricopa County Superior Court. (Doc. 1-3.) After filing the complaint, Plaintiff filed multiple additional documents that amended or supplemented the complaint. (Doc. 1-5.) The action was removed to this Court on May 16, 2019. (Doc. 1.) Defendant Bank of America and Defendant Christina Harper filed motions to dismiss on May 23, 2019, and Defendant First American Financial Corporation filed a motion to dismiss on May 28,

---
[1] Plaintiff has expressed that he objects and takes offense to the term "pro se." (Docs. 9 at 1, 34 at 1-2, 61 at 2.) The term pro se is not disparaging and does not relate to Plaintiff's military service. Rather, it merely refers to Plaintiff's status as an individual proceeding without an attorney.

2019. (Docs. 10, 16, 21.) Plaintiff filed an amended complaint without leave of Court on May 28, 2019. (Doc. 19.) On May 31, 2019, Defendants Caliber Home Loans Inc., Harper, LSF9 Master Participation Trust, and US Bank Trust NA filed a motion to strike Plaintiff's motion for findings of fact and conclusions of law (Doc. 1-5 at 71), second supplement to complaint (*Id.* at 56), third supplement to complaint (*Id.* at 66), and amended complaint (Doc. 19).[2] (Doc. 28.) Similarly, Bank of America NA filed a motion to strike Plaintiff's amended complaint (Doc. 19) on June 11, 2019. (Doc. 35.) On July 15, 2019, Plaintiff filed a motion to amend his amended complaint. (Doc. 61.) The motions are now ripe.

**II. Legal Standard**

A case originally brought in state court but removed to federal court "must proceed as if it had been brought in federal court originally." *Cwiak v. City of Phoenix*, No. CV-09-1858-PHX-MHM, 2010 WL 1742531, at *2 (D. Ariz. Apr. 29, 2010). A plaintiff may amend his complaint only once as a matter of course either within 21 days of service or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a). Rule 15(b) similarly provides that, after this period, a party may amend its pleading only with the opposing parties' consent or the court's permission. Fed. R. Civ. P. 15(b). When a plaintiff moves to amend, the court looks to five factors when considering the propriety of granting the motion: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

**III. Analysis**

Turning first to Defendants' motions to strike (Docs. 28, 25), Plaintiff filed multiple amendments to his complaint prior to removal and, therefore, was required to obtain Defendants' consent or the Court's permission prior to filing his latest amendment.

---

[2] The Court, in its discretion and noting that motions to strike are generally disfavored, will deny Defendants' motion to strike (Doc. 28) insofar as it seeks to strike documents filed before the matter was removed. *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1050 (D. Ariz. 2018); *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

Plaintiff, however, neither conferred with Defendants[3] nor sought the Court's permission. (Doc. 19.) Accordingly, the Court will strike Plaintiff's amended complaint. *See Cwiak*, 2010 WL 1742531, at *2 (striking second amended complaint for failure to obtain Defendants' consent or court's permission even though it was the first amendment filed after removal).

Turning next to Plaintiff's motion for leave to amend, after considering the five factors relevant to determining whether an amended pleading should be permitted—(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended his complaint—the Court denies Plaintiff's motion. Plaintiff already filed at least three amendments prior to removal. Further, he repeatedly has sought to amend since removal, even though discovery has not begun. (Docs. 19, 61.) The unearthing of new, relevant information is not motivating Plaintiff to amend; rather, the amendments appear to be spurred by Defendants' filings. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). Allowing Plaintiff to continue to amend would convert Plaintiff's complaint into a moving target, unduly prejudicing Defendants, who already have expended significant time and resources in order to understand and respond to Plaintiff's evolving allegations. *See Safety Dynamics Inc. v. Gen. Star Indem. Co.*, No. CV-09-00695-TUC-CKJ (DTF), 2014 WL 11281291, at *4 (D. Ariz. Mar. 5, 2014) (citing *Eminence Capital, LLC v. Aspeon, Inc,*, 316 F.3d 1048, 1052 (9th Cir. 2003)) ("Prejudice to the opposing party is the most important of [the] factors" in determining whether to permit or deny leave to amend). Accordingly,

**IT IS ORDERED** that Defendants' motion to strike (Doc. 28) is **GRANTED IN PART**, Defendant Bank of America's motion to strike (Doc. 35) is **GRANTED**, and Plaintiff's motion to amend (Doc. 61) is **DENIED**.

//

---

[3] Defendants have reported that Plaintiff has refused to meet and confer. (Docs. 10, 15, 21.)

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **STRIKE** Plaintiff's amended complaint (Doc. 19) from the record.

Dated this 15th day of November, 2019.

Douglas L. Rayes
United States District Judge