**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bob L Hanks, | No. CV-19-03174-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Christina Harper, et al., | |
| Defendants. | |

Before the Court is Defendant Christina Harper's motion to set aside entry of default. (Doc. 17.) For the following reasons, the Court will grant Defendant's motion.

**I. Background**

Plaintiff filed his complaint in Maricopa County Superior Court on February 8, 2019. (Doc. 1-3.) Plaintiff sent the complaint and summons by certified mail to Ms. Harper at her law office's address, 2999 N. 44th Street Suite 625, Phoenix, AZ, 85018, on February 8, 2019. (Doc. 1-5 at 6.) After the United States Postal Service ("USPS") made multiple attempts to deliver, an individual at Ms. Harper's law office signed for Ms. Harper on March 4, 2019. (*Id.* at 13-15.) On March 8, 2019, Plaintiff filed an application for entry of default against Ms. Harper. (*Id.* at 34.) On March 26, 2019, Defendant US Bank Trust, NA ("US Bank") filed a motion to set aside entry of default. (*Id.* at 96-98.)[1] On March

---
[1] US Bank clarified that it was making a special appearance solely for the purpose of objecting to the form and manner of service and requesting that the Court set aside entry of default, arguing that no defendant in the action had been properly served. (Doc. 1-5 at 96.)

28, 2019, Plaintiff responded to the motion. (*Id.* at 50-53.) The action was removed to this Court on May 16, 2019. (Doc. 1.) On May 23, 2019, US Bank filed a notice of pending motion (Doc. 14) pursuant to LRCiv 3.8(c), and the motion was docketed. (Doc. 17.) The motion is now ripe.

## II. Legal Standard

A case originally brought in state court but removed to federal court "must proceed as if it had been brought in federal court originally." *Cwiak v. City of Phoenix*, No. CV-09-1858-PHX-MHM, 2010 WL 1742531, at *2 (D. Ariz. Apr. 29, 2010). In federal court, an individual other than a minor, incompetent person, or a person who has filed a waiver may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> a. delivering a copy of the summons and the complaint to the individual personally;
>>
>> b. leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> c. delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Following service of the complaint, a defendant must file a responsive pleading within 21 days. Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant does not do so, a plaintiff may move for default against that defendant. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). However, the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).

## III. Analysis

Here, good cause supports setting aside entry of default because Plaintiff did not properly serve Ms. Harper at least 21 days before moving for entry of default. Plaintiff

attempted to serve Ms. Harper by sending a summons and the complaint to her law office by certified mail. In doing so, Plaintiff neither served Ms. Harper personally, left a copy of the summons at her dwelling or usual place of abode with another resident, or delivered a copy of the summons to an agent authorized by appointment or by law to receive service of process. Moreover, Arizona state law does not permit intrastate service to be effectuated by certified mail; rather, Arizona's requirements under these circumstances are identical to those under Rule 4(e)(2). Ariz. R. Civ. P. 4.1(d). Consequently, Plaintiff did not properly serve Ms. Harper at least 21 days prior to filing his application for entry of default on March 8, 2019, making such application improper. Accordingly,

**IT IS ORDERED** that Ms. Harper's motion to set aside entry of default (Doc. 17) is **GRANTED**.

Dated this 18th day of November, 2019.

_____
Douglas L. Rayes
United States District Judge