**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bob L Hanks, | No. CV-19-03174-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Christina Harper, et al., | |
| Defendants. | |

Before the Court is Bank of America, N.A.'s ("BOA") motion to dismiss (Docs. 10, 40)[1], U.S. Bank Trust, N.A.'s and LSF9 Master Participation Trust by Caliber Home Loans, Inc.'s, (referred to collectively as "Caliber Defendants") motion to dismiss (Docs. 16, 33, 42), and First American Financial Corporation's ("First American") motion to dismiss (Docs. 21, 36, 37), all of which are fully briefed. For the following reasons, the three motions are granted.

**I. Background**

On May 31, 2006, Carl Greiner[2] obtained a loan for $216,000 secured by a Deed of Trust. (Doc. 10-1 at 4-17.) The Deed of Trust was recorded on July 10, 2006 with the

---

[1] Plaintiff served BOA with a response but neglected to file his response on the docket or to otherwise provide the Court a copy. This failure alone constitutes cause to grant BOA's motion. However, BOA attached Plaintiff's response to its reply (Doc. 40-1), and the Court, in its discretion, will consider it as if Plaintiff had abided by the local rules.
[2] The names Carl Greiner and Garret Sims refer to the same individual. (Doc. 1-3 at 3.) The Court refers to this individual as Mr. Greiner throughout to avoid confusion.

legal description omitted. (*Id.*) On June 24, 2010, Mr. Greiner obtained a bankruptcy discharge under 11 U.S.C. § 727. (Doc. 10-2 at 8.) On January 10, 2012, First American Title Insurance Company ("FA") filed an Affidavit of Scrivener's Error, noting that the legal description on the Deed of Trust securing Mr. Greiner's $216,000 loan had been inadvertently omitted and providing the legal description as follows:

> LOT 112, OF PALM LANE VILLAGE, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, IN BOOK 142 OF MAPS, PAGE 22.[3]

(Doc. 10-1 at 26-27.) In early 2012, Mr. Greiner defaulted on his loan, and a notice of trustee sale on Lot 112 was recorded on May 8, 2012. (*Id.* at 37.) On January 16, 2013, Reconstruct Company, N.A., the successor trustee, filed a notice of cancellation of trustee sale. (*Id.* at 40.)

In 2013 and 2014, Mr. Greiner quitclaimed his interest in Lot 112 to Pine Valley Land Trust ("Pine Valley"), which soon quitclaimed its interest to Ameron National Trust ("Ameron National"), whose sole interest holder and Trustee is Plaintiff. (*Id.* at 42; Doc. 10-2 at 2; Doc. 21 at 6.) On October 22, 2014, Ameron National filed a request for a temporary restraining order in Maricopa County Superior Court to halt a trustee sale on Lot 112 scheduled for October 24, 2014 and find the Deed of Trust invalid. (Doc. 21-1 at 2.) The trial court determined that the Deed of Trust was valid and the scrivener's error could not have caused any harm to Ameron or its privies, which the Court of Appeals affirmed.[4] (*Id.* at 53-64.) The Supreme Court of Arizona denied the Petition for Review and refused to accept any more pleadings or documents in the matter. (*Id.* at 85-88.)

The Caliber Defendants obtained the Deed of Trust by assignment on August 10, 2016. (Doc. 16-1.) On November 8, 2018, Christina Harper, the Trustee under the Deed of Trust, recorded a notice of trustee sale on Lot 112. (Doc. 10-2 at 15-16.) On February

---

[3] The purported location of Lot 112 is 4607 West Northview Avenue, Glendale, Arizona. (Doc. 10-1 at 37.)

[4] Specifically, the Court of Appeals noted, "[t]he deed of trust was valid, it was recorded, and Ameron had information that, at the very least, would put a reasonably prudent person on notice of the existence of senior interests." (Doc. 21-1 at 64.)

6, 2019, Ameron National quitclaimed its interest to Plaintiff. (Doc. 1-3 at 81.) Plaintiff commenced this action two days later by filing a complaint with claims for fraud, slander of title, unjust enrichment, quiet title, and declaratory judgment in the Maricopa County Superior Court. (Doc. 1-3.) Lot 112 was sold at public auction on February 14, 2019 to LSF9 Master Participation Trust ("LSF9").

The action was removed to this Court on May 16, 2019. (Doc. 1.) On May 23, 2019, BOA filed its motion to dismiss. (Doc. 10.) The same day, Caliber Defendants filed their motion to dismiss on behalf of themselves and Trustee Christina Harper. (Doc. 16.) On May 28, 2019, First American filed its motion to dismiss. (Doc. 21.) The motions are now ripe.

**II. Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

**III. Discussion**

**A. Fraud**

In his complaint, Plaintiff asserts a claim for fraudulent concealment against "Defendants," explaining that the encumbrances on Lot 112 were fraudulently concealed from him at the time that he received the quit claim deed. (Doc. 1-3 at 11-12.) In order to

plead a fraudulent concealment claim, Plaintiff must allege facts supporting "(1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of the fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages." *Coleman v. Watts*, 87 F. Supp. 2d 944, 951-52 (D. Ariz. 1998).

Plaintiff's complaint does not allege with particularity the existence of any actionable concealment by any defendant that plausibly could have caused Plaintiff injury. (Doc. 1-3 at 11-12.) Plaintiff cites to loan comments on Lot 112, which he argues indicate that unspecified Defendants were aware of the scrivener's error in the Deed of Trust and the discharge resulting from bankruptcy. (Doc. 1-3 at 60-62.) However, the state court already litigated the scrivener's error matter, and concluded that the error was not harmful and did not invalidate the Deed of Trust.

Even if such findings were absent, Plaintiff has not indicated that any defendant had a duty to disclose any information[5] related to Lot 112 to Plaintiff. Notably, Plaintiff has not alleged that he interacted with any defendant before Ameron National quitclaimed its interest in Lot 112 to him or that any defendant's involvement in the quit claim exchange was necessary or appropriate.[6] As a result, Plaintiff has not alleged that Defendants' concealment of any fact caused him injury. Dismissal of Plaintiff's fraud claim is proper.

**B. Remaining Claims**

Even if Plaintiff's remaining claims—asserting slander of title, unjust enrichment,

---

[5] Plaintiff's fraudulent concealment claim, insofar that it asserts that unspecified Defendants wrongly concealed Mr. Greiner's bankruptcy from Plaintiff and therefore caused him harm relies on a misunderstanding of the rights and obligations effected through a bankruptcy discharge. Specifically, the discharge of Mr. Greiner's obligations in bankruptcy did not similarly discharge the interests of the secured creditors. *In re Brawders*, 503 F.3d 856, 867-68 (9th Cir. 2007) ("liens ordinarily pass through bankruptcy unaffected").

[6] Moreover, even if the scrivener's error would have impacted rights to Lot 112 when the error existed, the affidavit correcting the error was filed years before Plaintiff obtained an interest in Lot 112.

quiet title, and declaratory judgment—were not precluded by the prior state court litigation, they nevertheless fail because Plaintiff did not obtain injunctive relief pursuant to A.R.S. § 33-811(c). Under § 33-811(c), *inter alia*, a trustor waives all defenses and objections to a trustee sale if he or she does not obtain an injunction preventing the sale before 5:00 p.m. on the day preceding the sale. *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012). Plaintiff's waiver of all defenses and objections to the trustee sale is fatal to all Plaintiff's remaining claims, because each of his claims relies on a finding that the trustee sale was invalid.[7] *See Zubia v. Shapiro*, 408 P.3d 1248, 1251-52 (Ariz. 2018) (explaining that pursuant to § 33-811(c), "a trustor who fails to enjoin a trustee's sale waives his claims . . . that . . . would necessarily call into question the validity of the sale."). Accordingly, dismissal of Plaintiff's remaining claims against Defendants is appropriate.

## C. Amendment

Ordinarily, courts should not dismiss claims without allowing leave to amend. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000) (The Ninth Circuit has a "strong policy favoring leave to amend."). However, based on the foregoing, the Court concludes that any such amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Therefore, the Court will dismiss the claims against Defendants without granting leave to amend.

**IT IS ORDERED** that Defendant BOA's motion to dismiss (Doc. 10), Caliber Defendants' motion to dismiss (Doc. 16), and First American's motion to dismiss (Doc. 21) are **GRANTED WITH PREJUDICE**.

//

//

//

---

[7] The quiet title and declaratory judgment counts clearly require a finding that the trustee sale was invalid in order for Plaintiff to rightly possess any ownership interest in Lot 112. *See Zubia*, 408 P.3d at 1251 (explaining that a trustee's sale "extinguish[es] the trustor's interest post-sale, resulting in a trustor losing any interest in the property in which to quiet title"). Similarly, the unjust enrichment claim seeks damages arising out of the trustee sale. *Id.*("damages claims arising from a trustee's sale are waived because "[s]ucceeding on the claim would effectively result in a legal determination that the sale was defective").

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in favor of Defendants and terminate the case.

Dated this 10th day of December, 2019.

Douglas L. Rayes
United States District Judge